
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HERIBERTO VALENZUELA-VALENZUELA, | No.   15-70800 |
| Petitioner, | Agency No. A095-725-283 |
| v. | MEMORANDUM[*] |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2017[**]
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and SMITH,[***] Chief District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Heriberto Valenzuela-Valenzuela (Valenzuela-Valenzuela) is a native and citizen of Mexico. He petitions for review of the Board of Immigration Appeals' (BIA) final order denying his motion to reopen to apply for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and relief under the United Nations Convention Against Torture (CAT). Jurisdiction exists under 8 U.S.C. § 1252. The Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). The petition is denied.

First, Valenzuela-Valenzuela asserts membership in the proposed particular social group "Americanized Mexicans" or "pochos" to argue eligibility for withholding of removal. This Court, however, has unambiguously rejected this proposed social group as not cognizable under the Immigration and Nationality Act. *See Ramirez-Munoz*, 816 F.3d at 1228–29; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam).

Moreover, Valenzuela-Valenzuela provided "insufficient evidence to support [his] claim that [his] alleged American appearance will make [him a] target[] for violent crimes upon return to Mexico any more than the populace at large." *Ramirez-Munoz*, 816 F.3d at 1229. The evidence Valenzuela-Valenzuela set forth to demonstrate changed circumstances detailed crime against Americans, persons with American relatives, migrants, and affluent and middle-class Mexican

2

residents. This evidence does not, however, demonstrate that crime against these groups necessarily translates to an increased risk to Valenzuela-Valenzuela based on his alleged Americanized Mexican status, and Valenzuela-Valenzuela's conclusory assertion in his opening brief that "those perceived as Americans clearly run the same risk" cannot carry the day. The BIA, therefore, did not abuse its discretion in denying Valenzuela-Valenzuela's motion to reopen with respect to his withholding-of-removal claim.

Valenzuela-Valenzuela's argument with respect to CAT relief is similarly deficient. To prevail on this claim, Petitioner must demonstrate it is more likely than not he would be tortured upon removal to Mexico. *Ramirez-Munoz*, 816 F.3d at 1230. Here, Valenzuela-Valenzuela cross-references the same evidence advanced in the context of his argument for withholding of removal. Yet, this "generalized evidence of violence and crime in Mexico is not particular to Petitioner[] and is insufficient to meet this standard." *Delgado-Ortiz*, 600 F.3d at 1152; *see also Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("[H]e otherwise relies on generalized evidence, which is insufficient for protection under CAT."). Thus, the BIA did not abuse its discretion in denying Valenzuela-Valenzuela's motion to reopen based on CAT protection.

Finally, this Court lacks jurisdiction to review the BIA's denial of administrative closure. *Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1118–20 (9th Cir. 2009).

Accordingly, because Valenzuela-Valenzuela has not shown that the BIA abused its discretion, the petition for review is **DENIED**.